Good morning, Your Honors. May it please the Court, this is Nathaniel Neuberger, counsel for Appellant Dillon 140 LLC. I'd like to discuss first the standard of review on appeal. A court's decision to grant a motion to dismiss is reviewed de novo. There's a recent decision from the Second Circuit called Sala v. Sulca Trading, that's 957F338, which provides relevant information on the standard of review. Now, the funds had argued in their papers that the district court lacks subject matter jurisdiction. If that were the case, then any dismissal on that basis would be reviewed de novo. The Sala case also cites the Durante v. Aquamarine case, which is a Second Circuit decision from 2012, which says relevantly that once a court accepts jurisdiction in a declaratory judgment action, which is what happened in this case, any legal determinations must be reviewed de novo. Now, while the funds had argued the standard of review is abuse of discretion because declaratory relief is discretionary, that argument, that declaratory relief is discretionary, was raised for the first time by the funds on appeal and should be deemed waived. And then finally, the district court never addressed the merits of the complaint. So, like I said, the standard of review must be de novo. I'd like to discuss subject matter jurisdiction under 301 of the Taft-Hartley Act. It's very clear, the court has my letter from October 26th, that employers have the jurisdiction is read expansively. Parties to a 301 action are not limited to just a union and an employer, but can include a non-signatory like the funds. In fact, 301 covers trust agreements. And in this matter, the CBA, as we allege in paragraph 28, the CBA incorporated the funds trust agreement by reference. And the trust agreement is between the Realty Advisory Board, of which Dylan is a member, the union, and the funds. And the named trustee, Mr. Figueroa, is actually a signatory to the trust agreement. So, in seeking contributions for the employee at issue, the funds violated not just the provisions of the CBA pertaining to contributions to eligible employees, but also the trust agreement, specifically Article 5. And in terms of challenging jurisdiction, you know, the funds had cited to the Tuvia case, which is clearly distinguishable. In fact, the court in Silverman v. Miranda, which we cited in our October 26th letter, it's an SDNY decision from 2016, says that when the allegation is that the funds inflicted the injury, then there's no issue in bringing a 301 action against them. And that's exactly what we allege in this complaint, Your Honors, that the funds is the one who breached the CBA and the trust agreement, not the union. I'd like to move on to discuss, you know, the issue of arbitrability. It should be clear that Dillon is not required to arbitrate this dispute with the funds. The CBA is silent as to what an employer can initiate vis-a-vis a dispute with the funds. And can I finish that sentence? Yes. Okay. And, you know, while the funds has the option to arbitrate or bring a lawsuit, the CBA does not provide Dillon with the right to seek arbitration. And at the same time, it doesn't say anything like that the employer cannot go to court concerning a dispute with the funds. So, therefore, Dillon has no choice but to go to court. That's the only option it has if it wants to pursue a claim, you know, against the funds. And the only arbitration that must be arbitrated with respect to an employer like Dillon and the funds is one that the fund chooses to bring. But like as we note in our papers, Dillon filed this action for declaratory judgment first. So, therefore, you know, they have priority here. Is that really true? If there's an arbitration clause that provides that a dispute is subject to arbitration and that's invoked by the party that has a right to have arbitration, why would the fact that you sued first undermine that right to arbitrate? Well, your honor, the issue of mandatory arbitration is addressed in Article 6 of the CBA, the Collective Bargaining Committee. And that's only between the parties to the CBA. That would be Dillon, the employer, and the union. The funds is a non-party, and I don't think they would, you know, challenge that they're not a party. They may be a third-party beneficiary, but they're not a party. But if they're a beneficiary to the extent that they are entitled to seek arbitration, then what difference does that make? If that's what they're a beneficiary of in the agreement. No, I understand that, your honor. They're entitled to seek arbitration. However, you know, if Dillon, the employer, files an action first, then that would take precedent under the first-filed rule. Again, Dillon— But it's always—excuse me, isn't it always the case that when a party is asking to have a court to stay in action that has been brought on the grounds that this belongs in arbitration, that's their—doesn't that always happen? Are you saying if a lawsuit was filed first, then the party that wants arbitration has waived its right by not acting faster? Well, not that they've waived their right, but the court has the power to decide whether or not a particular dispute is arbitrable. And what we're saying, your honor, is that this dispute is not arbitrable because this employee is not covered under the collective bargaining agreement. He's doing— But that's the very subject to be arbitrated. It's to be arbitrated not by the employee, but by the funds or by the union, who are the parties that have a dispute with you. But that would go to the issue of what's covered by the mandatory arbitration clause, your honor. And what's covered by mandatory arbitration is any disputes between the employer and the union and anything that the fund chooses to bring in arbitration. Yeah, well, that sounds like it covers this dispute, doesn't it? It doesn't say anything about—but if on the merits, they're not really entitled to win because the employee on whose benefits is not a covered employee or a member of the bargaining unit, then the arbitration clause becomes invalid. The arbitration clause says that very dispute on the merits is something for arbitration at the behest of the funds, no? Well, no, your honor, because—respectfully, because, again, in this situation, because of mandatory arbitration in the CBA. Had the fund filed for arbitration first, your honor, then we don't dispute the fact that there would be mandatory arbitration and Dylan would go to arbitration in order to determine— And where do you get that in the language of the CBA? Is it just the word—the use of the word initiated in Article 6? Such issues as may be initiated by the trustees, and your argument is that this wasn't initiated because your client initiated it? That's 100 percent correct, your honor. May be initiated. In other words, the fund has the option, like I said before, to either initiate an arbitration or to go to court. But again, they didn't do either of those things before Dylan filed this instant action. So therefore— Wasn't the notice that was filed on—that was served on New York City Management, wasn't that served before your client brought suit? Well, we don't know, your honor. I mean, that's what the fund alleges. But again, they allege that they served that on March 5th. But NYC Management is not Dylan. You know, there's nothing in the record to show that Dylan—that NYC Management, you know, received this notice or— But didn't Dylan list New York City Management in that address on the signature page of the CBA? It does, your— I mean, even if any of this is relevant, which it may well not be, but if it was, it's listed as the point of contact. No, I understand that. But that doesn't necessarily establish that NYC Management is the authorized agent for legal process for Dylan. And in fact, even if that were the case, which we're not saying it is, your honor, the funds didn't even provide any proof that NYC Management received the notice. So as far as we can see— How would they have proof that somebody received it? What they know is they mailed it. And then there's a presumption of regularity that it has to somehow depose before the case begins somebody at your agent to find out whether that person received the thing that was sent to it. Well, I mean, I would assume, your honor, that the fund would have shown like a signed return receipt or some type of proof. I mean, we've had other cases with this fund, your honor, and they're usually fairly diligent about showing proof of service when necessary. And they haven't shown that. There's nothing in the record to even mention the alleged notice to NYC Management. So how could that even constitute a valid notice to Dylan about this arbitration? So I think there's a lot of issues with that alleged service. And again, since we don't view that as valid service, this complaint was filed. Our action was filed on April 1st. The notice of attempt to arbitrate on Dylan was sent on April 5th. So clearly under the first filed rule, Dylan has priority, not the funds. And again, that's why... Can you tell me what cases you're relying on that apply the first filed rule in a conflict between a case filed in court and an arbitration that one party has a right to have? Well, your honor, we... As opposed to cases, I understand there are cases where people race to different courthouses or something of that sort. But is there such a case where a party is barred from arbitration because a counterparty in a contract with an arbitration clause sued before the party with a right to arbitrate sought arbitration? I don't believe I saw a specific case on that, but we believe... Isn't that kind of important? I mean, you're citing this first filed rule as if it clearly is a function of the law of labor arbitration. And I'm suggesting to you that that's a novel idea. Well, again, the notion is that there are two different forums, your honor, like that Employers vs. Fox Entertainment case. And whichever action was filed first is subject to the first file. But one of those forums has the Federal Arbitration Act behind it and the National Labor Relations Act behind it. And we are constantly being told that there is a policy in favor of arbitration when there's not necessarily a policy in favor of litigation in the Southern District of New York versus the Central District of California, for example. Isn't it significant that there is a policy that favors arbitration of this kind of dispute? Well, arbitration is generally favored, your honor. I mean, arbitration is a matter of contract. And if there's no mandatory arbitration with regard to Dylan, the employer, and the funds, then you would need clear evidence, your honor. And we do cite case law with regard to that. There has to be clear evidence in a contract that parties consented to arbitration. And there's no clear evidence based on the plain language of the CBA that Dylan consented to mandatory arbitration with the funds. Mr. Neuberger, you've reserved two minutes of rebuttal time. Thank you. We'll hear from your adversary. Thank you. Good morning, your honor. May it please the court. My name is Ira Sturm of the law firm Ramsterm and Gancher representing the appellees in this matter. This matter involves two primary areas of concern. The first issue addresses the actual merits of the case, which was argued primarily during the appellant's turn at this case. The second involves the procedural argument that appellees raised concerning the court's lack of jurisdiction to even address the merits of this claim. Turning to the first issue, which was discussed by the court, counsel for the appellant made certain factual assertions which are not substantiated by the record. There is nothing in the record to indicate whatsoever that New York City management was served before this action was commenced. And there has never been a denial by New York City that it received the notice of intent to arbitrate before this action was commenced. We seriously believe that they did know that it was pending and that's why they ran to federal court. But again, that fact need not be addressed because of all the other factors in this case, as Judge Lynch had summarized in the context of labor arbitration matters. It's the appellant's position that under the Declaratory Judgment Act, the court has the right to address the merits of the dispute, even in the absence of a previously served demand for arbitration. This court, Broadview Chemical v. Lockheight Court, has explained that the declaratory relief is to be rendered where it will serve a useful purpose in clarifying and settling legal relations and issues so as to terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. The magistrate had found that the appellant was previously served with the demand for arbitration. The magistrate determined that the dispute in arbitration was identical to the dispute being placed before this court. The magistrate's opinion and recommendations were accepted without comment by Judge Kaplan. The facts do not support the appellant's arguments concerning its inability to demand arbitration. The Collective Bargaining Agreement is very clear that any disputes under the Collective Bargaining Agreement be brought by the fund as a third-party beneficiary or be brought by the union. The exclusive form for addressing that is before the contract arbitrator. Factually, they are incorrect when they assert that there is nothing in the Collective Bargaining Agreement to that effect. In the context of the scope of review, for the first time, the counselor refers to a Second Circuit case, Sala versus Sulca Trading, and with all due respect to the court, I have not had an opportunity to address that issue. I think it's a little late in the proceeding to raise new claims. This brings me to the second point, where two days before oral argument, a letter is sent to the court raising new arguments, new support, which should have been in the reply group. It is the court's opinion that these issues should be addressed. I would like to address them now in this oral argument. I understand your subject matter jurisdiction argument, but let's say we disagree with you as to jurisdiction under the Taft-Hartley Act. If we determine that the district court had jurisdiction under it, we've said that the FAA doesn't apply to cases brought under Section 301 of the Act, and it may be that you get to the same results that the magistrate judge got to, but the magistrate judge didn't look to the specific body of case law that we have for determining the arbitrability of labor disputes. It overlaps, and it's very similar to the analysis that the magistrate judge did, but it's also distinct in some ways. Was that an error, and what should we do about it? The way the case played out, the fund is in the position it should have been in. Whether the district court got there correctly is, from my perspective, they could have gotten there either of the two ways, either finding that there was no jurisdiction under either ERISA or the Taft-Hartley Act for an employer to seek declaratory relief, or even addressing the issues on the merits. Here, it's clearly an arbitrable item. The funds have historically taken most cases to arbitration because of the efficiency and the cost-saving factors rather than going to federal court on these cases. In the context of the legal perspective, the Taft-Hartley Act requires that it be a dispute between a labor organization and an employer. The fund is not a labor organization. The fund is merely the third-party beneficiary to a collective bargaining agreement between the union and the employer. At hand, had the employer or had Mr. Sturm, excuse me, Mr. Sturm, do you disagree that the fund would have had a right under Section 301 to bring this suit in court against Dillon 140? No, and that is only because in the collective bargaining agreement, there is specific language granting the fund a standing to bring the case to arbitration and or to court. In the absence of that language in the collective bargaining agreement, the fund would be limited to only ERISA relief, not Section 301 relief. But you could have brought the suit under ERISA then? Absolutely, yes, we could have. Well, then let me ask a different question. I always thought, and maybe I've been mistaken for 40 years, that in looking at declaratory judgment actions to determine whether there is federal jurisdiction, you essentially flip the lawsuit and you ask whether if the party that would have naturally brought the lawsuit would have federal jurisdiction. Then the other party has jurisdiction to bring a declaratory judgment act in anticipation of that lawsuit. And that that's where you look for federal jurisdiction. Am I mistaken about that? It may be, Ron, because under ERISA, only certain entities, certain parties have the right to initiate the lawsuit. So under ERISA, the fund could initiate a lawsuit against the employer for not paying contributions, but the employer could not commence an ERISA suit against the fund to address the same issue. And I think the floor is pretty clear on that. Okay. Just going back to addressing the claims that counsel made in their letter of two days ago, I just wanted to distinguish the allegations because they make some, you know, again, I haven't had the opportunity to address in the brief, and I would like to just address the cases. The Black-Clausen case that was cited for the proposition that a declaratory judgment jurisdiction exists under 301 is not the question that we have at hand. In Black-Clausen, both parties to the lawsuit were the parties authorized to have suits under 301, meaning the employer and the union. Here, you have a third-party beneficiary, the fund, which is neither a union nor an employer. The counsel also cites to, well, again, and had the employer cited or named the union as a party to this case, then under First Options v. Kaplan, 514 U.S. 938, Nagel and Landau v. Pavone, 123, at 369, the matter would be going to arbitration because the contract says that it's the exclusive remedy for the union and the employer is under the collective bargaining agreement. And it is only the fund that has the additional right under ERISA to seek federal jurisdiction and under the contractual agreement to seek court action because that's the collective bargaining agreement says. The plaintiff, the appellant also cites to Messenger v. Building Contractors Association, a 7th District case, 703, 5th Street, 320. And in that case, there was a dispute between a labor organization and an employer, again, under 301, the correct parties to the dispute. And in that case, they were asked to decide whether there was a collective bargaining agreement, but not asked to address the specific merits of the dispute, which everybody agreed would be something that should have been arbitrated. Appellant cites to Smith v. Evening News, 371 U.S. 195, for the proposition that Section 301 suits are not limited to actions involving just the labor organization and employer. But what the court was not advised is that the Smith Court specifically did not address the question at hand. The court held that, and this is a quote, the respondent does not argue here and we need not consider the question of federal law of whether petitioner under this contract has standing to sue for breach of the no discrimination clause, nor do we deal with the standing of other employees to sue upon other clauses in other contracts. Hence, the issue was never presented to the Supreme Court. They also cite to Local 100 Transportation Workers v. Rosen for the similar position that they're standing under task partly as under Section 301. In this case, the court specifically held that ERISA jurisdiction was lacking to address the has standing to sue. The court held specifically ERISA carefully enumerates the parties entitled to seek relief under Section 502. It does not provide anyone other than participants, beneficiaries or fiduciaries with an express cause of action for declaratory judgment on the issues in this case. A suit for similar relief by some other party does not, quote, arise under, end quote, approvision. As the task partly jurisdiction, the Local 100 court noted that the contract under the dispute was the contract signed by the defendant. Hence, they were the parties to the contract. And the court said that essentially, if you're a party to the contract, then it becomes a 301 action. If you're not a party to the contract, it cannot be a 301 action. Um, counsel also cited the Silverman versus Miranda case. This was an ERISA suit was brought by an ERISA fund, which as a fiduciary had standing in Section 1132 of ERISA to bring the suit. It did not rise under task partly. Thank you. Thank you, Mr. Sturm. I think I it's hard to tell. We have no red light. We'll hear rebuttal. Thank you. Thank you, Your Honor. May it please the court. So I just want to address briefly something that Mr. Sturm had said with regard to the form for a contract arbitrator. I believe he said that an exclusive form for any disputes brought by funds is arbitration. And that's simply not true, Your Honor. The CBA provides funds the option to bring cases in court as well. And I could tell you that this fund has brought lots of cases. No, I think, excuse me, I think Mr. Sturm said that I don't know that he's right about this, but I think his argument was that were it not for the provision in the CBA, the fund would be limited to arbitration. But I thought he agreed that under the CBA, they have the option of going to court or going to arbitration, which seems to me like the same thing that you're saying. Yes. Yes, that's true, Your Honor. So I'll move on. So Mr. Sturm was also addressing the issue of subject matter jurisdiction under Section 301. And we had cited several cases in our letter, Your Honor, which showed that a party to 301 action, it does not have to be a party to the CBA. In fact, we cited several cases, like the Local 100 v. Rosen and the Silverman v. Miranda case, where in the case of the Silverman case, Your Honor, both parties were funds. Neither party was an employer or a union. And the court did have jurisdiction over it because, again, the dispute at issue was involved in alleged breach of a trust agreement. And that's what we're alleging here, Your Honor. Like I said before, in paragraph 28 of the complaint, we note that the CBA incorporates by reference the trust agreement. And by the fund taking contributions for this employee who shouldn't be covered under the CBA, the fund violated not just the CBA, but also the trust agreement. So there really is no dispute that this action is proper under Section 301 of the Taft-Hartley Act. Let me just see. And then just moving on, Mr. Sturm had referenced the case of First Options v. Kaplan, where the court said that the exclusive remedy with regard to the union was to arbitrate. Now, again, we're not disputing that if this dispute involved the union, we would be in arbitration right now. But this dispute does not involve the union. This dispute solely involves the funds, who, again, is a non-party. And I don't believe Apelli's... You can finish your thought, Mr. McGill. I'm sorry, Mr. Neuberger. I mean, that was pretty much my sentence, Your Honor. That as a third party, it's not exclusively by arbitration that we have the right to file this instant action for declaratory judgment. Thank you. Thank you both. And we will take the matter under advisement. Thank you. Thank you, Your Honor.